{¶ 31} I respectfully concur in the judgment of the majority with the following thoughts. My concern is that the majority opinion might be construed too broadly. As a result, to narrow the scope of the opinion, it is necessary to understand the specific holding of the underlying federal district court case ("district court").
 {¶ 32} The diversity lawsuit in district court against the Gilbane Building Co. ("Gilbane") was not a criminal action. Rather, it was a claim for recovery filed under R.C. 117.28, with essentially the same facts and allegations now at issue against appellee, Frank DeJute, in the instant matter.
 {¶ 33} Both cases were initiated when the auditor for the State of Ohio made findings of recovery against various individuals, and entities. Specifically, the total findings issued by the auditor for recovery under the facts alleged amounted to almost two million dollars as to services not provided and approximately $385,000 for services that were not properly documented. The auditor's findings for recovery were made jointly and severally against Gilbane, appellee, and Edward Flask.
 {¶ 34} As to Gilbane, the claim for recovery was based on the following findings by the auditor: Gilbane received public money for work not performed; Gilbane had permitted another contractor to earn an excess profit; Gilbane had paid public money for design services not supported by documentation; Gilbane was paid for construction management services regarding projects which were never constructed.
 {¶ 35} It was the auditor's findings of recovery which provided the basis for the Attorney General to file suit under R.C. 117.28. The relevant portion of this code section stated:
 {¶ 36} "Where an audit report sets forth that any public money has been illegally expended, *** the officer receiving the certified copy of the report pursuant to section 117.27 of the Revised Code may *** institute civil action *** for the recovery of the money or property and prosecute the action to final determination.
 {¶ 37} "*** Within one hundred twenty days after receiving the certified copy of the report, the officer receiving the report shall notify the attorney general in writing of whether any legal action has been taken. *** The attorney general *** may *** prosecute an action to final determination. The attorney general may bring the action in any case where the officer failed to do so within one hundred twenty days after the audit report has been filed." (Emphasis added.)
 {¶ 38} There were several key elements that had to be found in order for there to be a successful recovery prosecution under this statute. First of all, the expenditure had to be of public money. Next, there had to be an illegal expenditure. In the summary judgment exercise, initiated by Gilbane in its defense in district court, the company argued and presented considerable legal authority for the proposition that illegal expenditures involve predictable and standardized fact patterns. Specifically, Gilbane claimed that illegal expenditures involving public entities either spent money they were not authorized to spend, or were fraudulent, theft, or bookkeeping errors.
 {¶ 39} The district court agreed stating, "[t]he cases defendant [Gilbane] cites share one thing in common: the finding of illegality in each case reflected a pre-existing, recognized standard that showed the conduct in question was illegal." In contrast, the state offered a more amorphous definition of an illegal expenditure. They argued there was a duty that went beyond either statutory or other preexisting recognized standards that could be used to determine the illegality.
 {¶ 40} Specifically, the state's theory was that the term illegality, as used in R.C. 117.28, could be interrupted as being synonymous with the term improper. Further, the state argued the auditor had such specialized knowledge that his office could unilaterally determine what was an illegal expenditure and what was not, regardless of whether a preexisting recognized standard was violated.
 {¶ 41} The specific factual acts alleged by the state to have been committed by Gilbane are generally as follows: Gilbane improperly or illegally received payments on a fixed fee contract when its project was behind schedule; Gilbane improperly or illegally breached its contract with the agency; Gilbane improperly or illegally paid a consultant/sub-contractor when the consultant/sub-contractor had failed to perform its sub-contract obligations.
 {¶ 42} As was pointed out by the district court, everyone agreed that most of these payments were public expenditures. The issue was, therefore, focused on the legality or illegality of the enumerated expenditures that were paid to Gilbane at the direction of appellee, and which were listed in the state's pleadings.
 {¶ 43} In addressing this argument, the district court focused on the definition of the word illegal. Its conclusion was that, almost uniformly, the definition of an illegal action required the existence of either a law or rule or government regulation and the violation thereof. The district court expressed concern that anything less definite would probably constitute a due process violation, as there would not be sufficient notice as to what conduct was prohibited. As a result, the district court also noted that the auditor did not have the power to unilaterally develop, on a case by case basis, the definition of illegal, as that term is used in R.C. 117.28.
 {¶ 44} The district court then proceeded to look at each of the specific findings for recovery against Gilbane made by the auditor. What it found was that the state's pleadings in the district court case contained no description of any illegal act recognized at law regarding either the validity of the contracts or Gilbane's receipt of the payments under the contract.
 {¶ 45} For example, the auditor's position, and subsequently the state's position, was that when Gilbane fell behind the construction schedule, payments should not have been made under the terms of the contract. There was no factual dispute that Gilbane's construction efforts were behind schedule. However, the district court found that the contract did not make payment dependent on the progress of construction, and that the contract was clear and unambiguous on this point. The district court stressed that this was a fixed fee contract that was not dependent on the percentage of work completed at the time various payments were made.
 {¶ 46} There was nothing in the materials submitted by the state in the district court summary judgment exercise to indicate that this fixed fee contract, albeit with its greater risk, was not a legitimate and properly negotiated contract term. Neither did the state present the district court any authority to indicate that a fixed fee contract was inherently illegal under the existing circumstances.
 {¶ 47} As to the payments made by Gilbane to the sub-contractor Mascaro, the district court found these payments not to be public expenditures as the payments came from Gilbane's own fees. Hence, the monies were no longer public monies.
 {¶ 48} Regarding other instances of alleged illegal expenditures, the district court found that while there might be a potential for recovery of damages on a contractual basis, there was no basis for recovery as an illegal expenditure.
 {¶ 49} The above conclusions of the district court were a determination as a matter of law that there were no material issues of fact as to whether there had been illegal expenditures authorized by appellee to Gilbane under R.C. 117.28.
 {¶ 50} In the instant case and summary judgment exercise now under our scrutiny, appellee is charged for recovery under the same facts and under the same statute, R.C. 117.28. The only material exception is that appellee is charged with authorizing these expenditures, while Gilbane was charged with receiving these expenditures.
 {¶ 51} The state argues that the district court's ruling regarding Gilbane cannot be considered as res judicata or collateral estoppel in regards to appellee. The state's claim is that appellee had a heightened duty, beyond any duty which applied to Gilbane. Ergo, it claims there can be no res judicata or collateral estoppel as to the district court's definition of illegal expenditure as that court applied it to Gilbane.
 {¶ 52} However, the state charged appellee with making illegal expenditures in violation of the identical statute, R.C. 117.28, upon which it based its allegations against Gilbane. The instant trial court found that any such heightened duty did not impact the definition of illegal expenditure beyond the definition enumerated by the district court in Gilbane's case. Illegal still meant illegal, and as such, required the existence of a law, rule, or regulation and the violation thereof. If the state felt that appellee had a heightened duty beyond the scope of R.C. 117.28, it should have structured a cause of action other than R.C. 117.28. No legal basis was ever shown to support the notion that any heightened duty as a state official would create a different definition of what would constitute an illegal contract or an illegal expenditure, as used in R.C. 117.28.
 {¶ 53} As was concluded by the trial court in the summary judgment exercise now under scrutiny, the district court's definition and application of what constituted an illegal expenditure or an illegal contract under R.C. 117.28 was absolutely applicable in reference to appellee, the person who authorized those expenditures. The finding of res judicata/collateral estoppel was not based on a manifest weight finding by the district court in favor of Gilbane. Instead, the district court held "*** as a matter of law, the Auditor's findings for recovery against [Gilbane] do not describe illegal expenditures of public money for purposes of Ohio Revised Code Section 117.28. Therefore, the Attorney General cannot attempt to reclaim these monies from [Gilbane] under Ohio's recovery statute."
 {¶ 54} The district court's holding regarding Gilbane resulted in a dismissal of the action in its entirety with prejudice on the basis that the state's case failed as a matter of law. Therefore, the finding by the instant trial court of res judicata and collateral estoppel in regards to the R.C. 117.28 claim against appellee was entirely appropriate.
 {¶ 55} I, therefore, concur.